■   WARREN JAMES, Appellant, v KEEFE & KEEFE, INC., Defendant-Respondent and Third-Party Plaintiff, and JEWISH HOME AND HOSPITAL FOR THE AGED, Third-Party Defendant.—Order, Appellate Term, Supreme Court, First Department, reversed, on the law, on the dissenting opinion of Markowitz, J., at Appellate Term, and the judgment of the Civil Court entered on July 2, 1974, reinstated. Appellant shall recover of respondent $60 costs and disbursements of this appeal as well as costs in all courts. Concur—Kupferman, Lupiano, Capozzoli and Nunez, JJ.; Stevens, P. J., dissents in the following memorandum: I dissent and would affirm the order of the Appellate Term entered May 29, 1975 (one Justice dissenting) which reversed a judgment of the Civil Court entered July 2, 1974, in favor of plaintiff and dismissed the complaint. The indorsed complaint, in seeking damages for the injuries suffered, charged negligence and breach of warranty. Pleadings alleging negligent manufacture and breach of implied warranty are sufficient to permit plaintiff "to advance the theory of strict liability in tort" *(Jerry v Borden Co.,* 45 AD2d 344, 346). Under the theory of strict liability plaintiff is required to prove (p 348) "(1) that the product was in a defective condition on delivery, (2) that the product was unreasonably dangerous to the consumer, and (3) that the product was the cause of the injuries sustained [citations omitted]". Obviously the proof here did not meet that test. There is no proof of negligence in the manufacture or maintenance of the equipment, nor was there proof of any defect in the instrumentality causing the injury to indicate that there was a breach of any implied warranty of merchantability. The doctrine of *res ipsa loquitur* was neither pleaded nor charged and is not applicable here. What caused the injury, on the present state of the record, rests on pure speculation.